Turley, J.
delivered the opinion of the court.
This is an action of ejectment brought to recover possession of three lots in the town of Maryville, Blount county, known by Nos. 55, 56, 57. The lessor of the plaintiff claims title as a purchaser at a sale made by the Marshal of East Tennessee, by virtue of an execution against James Berry, Jacob F. Fout and others, issued from the Federal Court at Knoxville, bearing test the 2d Monday of October, 1834, upon a judgment rendered the 16th of October, 1834; the deed of conveyance from the Marshal bearing date the 2d day of February, 1835. The defendant resists a recovery upon the ground, that at the date of the levy and sale by the Marshal there was no legal title to the premises in dispute vested in James Berry and Jacob F. Fout, or either of them, and of consequence that there was nothing in the premises which the Marshal could legally seize, or the lessor of the plaintiff buy. And to support this position,, he read to the court and jury a deed of conveyance from James Berry and Jacob F. Fout, for the lands in controversy, to‘Dan’1. D. Fout, bearing date the 19th day of July, 1831, by which they were conveyed in trust to secure Thomas Henderson and Richard Merideth, as endorsers for the sum of three thousand *144 dollars, which amount they were desirous of obtaining as a loan from some banking institution in Nashville. The testimony of John Sommerville, the Cashier of the branch of theU. States Bank at Nashville, shows that on the 4th of May,. 1831, a note drawn by James Berry and Jacob F. Fout, for the sum of $5181, endorsed by Richard Merideth and Daniel D. Fout, was discounted at that bank, which was renewed by a note drawn and endorsed by the same parties on the 27th of July, 1831, for the sum of $5200, which "was renewed on the 28th of September, 1831, for the sum of $5235, by a note drawn by the same drawers, and endorsed by Daniel D. Fout and Thomas Henderson, which was renewed from time to time, adding interest, until the 4th of July, 1832, at which time it was consolidated with another note under discount for $2225, and amounted in the aggregate to the sum of $7592, for which amount a note drawn by said Berry & Fout, and endorsed by said Daniel D. Fout and Thomas Henderson, was then discounted. This note, with the same endorsers, was renewed 'from time to time till the 1st of June, 1833, at which time it had been reduced by payments, made by the drawers, to the sum of $5400, for which it was then renewed for four months, with the same endorsers, and at maturity protested for non-payment. On the 3d of October, 1833, Jacob F. Fout paid on the note the sum of $347 13, which reduced it to $5050 87, for which suit was brought in the Federal Court at Knoxville, against drawers and endorsers, and judgment obtained andan execution issued and sale thereon of the premises to the lessor of the plaintiff, as herein before stated, who purchased at the "price of $1115; That the deed of trust of the 19th day of July, 1831, vested the legal title in Daniel D. Fout, the trustee, subject to the trust therein . specified, and left nothing in James Berry and Jacob F. Fout, subject to the execution in favor of the United States Bank, if the deed were a valid, subsisting and unsatisfied deed at the date of the levy, and the purchaser could acquire no legal title under a sale made by virtue of a levy of an execution under such circumstances, are propositions too plain to be controverted; in fact they have not been controverted by the counsel for the plaintiff in ejectment.
*145 But the validity of the deed of trust has been attacked upon several grounds, but one of which is it necessary to examine and decide upon, as all the others were determined by the Circuit Judge in favor of the position assumed by the' defendant in ejectment. The plaintiff, among other things, contended that under the deed of trust Henderson could not claim an indemnity beyond the sum of three thousand dollars, though his liability as endorser might amount to more, and if his liability to the amount of three thousand dollars had been discharged by the drawers, that the property conveyed in the deed was discharged from -the trust, and liable to execution; and so the court charged. In this there is manifest error. The substance of this.charge is this, if an endorser take surety by trust upon property to the amount of 13000 and endorse for $6000, and the drawer pay. $3000, the property is discharged from the trust, becomes liable to other creditors, and the endorser has lost his surety. The reverse of this proposition is the law. The property is charged to the extent of the $3000-, and is liable to that extent, no matter what amount of liability over and above that, may have been discharged from other sources. This proposition is so plain, that we do not well see how the error was committed, but it is fatal to the verdict and judgment rendered in this case, for the proof showed that more than $3000 of liability on the part of the endorser, Thomas .Henderson, which had been created after the date of the deed of trust, had been discharged by Berry & Fout; and the jury were bound by the charge of the Judge to find that the deed of trust had been satisfied before the levy and the sale under the execution, and that a legal title was acquired'under the purchase by the lessor of the- plaintiff. There is proof in the record tending to show, that Jacob F. Fout, the trustee, and Thomas Henderson, the cestui que trust, consented to the sale. What effect this may have in .making the same good and valid, we will not now determine, as the case must be reversed upon the proposition discussed. Judgment reversed, and case remanded for a new trial.